IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MI FAMILIA VOTA, TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, and GUADALUPE TORRES,<br><br>Plaintiffs<br><br>v.<br><br>GREG ABBOTT, Governor of Texas; RUTH HUGHS, Texas Secretary of State,<br><br>Defendants. | NO. 5:20-cv-00830 |

## MEMORANDUM ON COURT'S AUTHORITY TO STRIKE INVALID LAWS AND PROPOSED ORDER

This Court has the authority to strike down laws as invalid and unenforceable. It may strike an entire law or, when confronting a law that is unconstitutional or invalid in part, the court has authority "to sever its problematic portion while leaving the remainder intact." *Ayotte v. Planned Parenthood of Northern New England*, 546 U.S. 320, 329 (2006) (citing *United States v. Booker*, 543 U.S. 220, 227-229 (2005)).

District courts routinely are asked to strike all or part of a law. Here, the court has been asked to rule that a single exemption (exemption 8) to Governor Abbot's statewide mask mandate, GA-29, violates the Voting Rights Act. Examples abound in which federal courts invalidate all or part of a law:

- *Whole Woman's Health v. Paxton*, No. 17-51060, 2020 WL 6218657, at *10 (5th Cir. Oct. 13, 2020), *affirming* the district court's decision to permanently enjoin enforcement

of Texas Senate Bill 8 (codified as Tex. Health & Safety Code §§ 171.151-.154), *see Whole Woman's Health v. Paxton*, 280 F. Supp. 3d 938 (W.D. Tex. 2017).

- *Whole Woman's Health v. Hellerstedt*, 136 S.Ct. 2292 (2016) (striking as unconstitutional Tex. Health & Safety Code Ann. § 171.0031(a), which required physicians performing abortions to have admitting privileges at a local hospital; and § 245.010(a), which required abortion facilities to meet surgical center standards.

- *Lawrence v. Texas*, 539 U.S. 558 (2003), striking down as unconstitutional Texas Penal Code Ann. § 21.06(a), a criminal statute that outlawed sodomy. The law has been unconstitutional and unenforceable for 17 years, despite remaining in the state code.

- *Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc), finding that Texas's voter ID law violated Section 2 of the Voting Rights Act, and remanding to the court to "ensure implementation of an interim remedy for SB 14's discriminatory effect that disrupts voter identification rules for the 2016 election season as little as possible, yet eliminates the Section 2 discriminatory effect violation."[1]

- *Cooper v. McBeath*, 11 F.3d 547 (5th Cir. 1994), affirming district court's decision to strike part of the Texas Alcoholic Beverage Code as unconstitutional.

- *Texas v. United States*, 945 F.3d 355, 387 (5th Cir. 2019), *cert granted sub nom. Texas v. California*, 140 S. Ct. 1262 (2020), in which the Fifth Circuit struck down the Affordable Care Act's individual mandate as unconstitutional.

- *Texas v. United States*, 809 F.3d 134, 178 (5th Cir. 2015), *aff'd by equally divided court*, *United States v. Texas*, 136 S. Ct. 2271, 2272 (2016), affirming the district court's order granting a *nationwide* injunction against federal immigration policies (applicable even to states not party to the suit).

Regardless of whether the court rules that a law, in whole or in part, is invalid and unenforceable, the struck language does not vanish: it might remain in the text of the challenged laws, orders, or regulations. *See Pool v. City of Houston*, No. 19-20828, 2020 WL 6253444, at *1 (5th Cir. Oct. 23, 2020). Erasure of invalid laws is not needed; they remain invalid and unenforceable once they are ruled to be unlawful or unconstitutional. Plaintiffs' request (per the Fifth Circuit's language) that this Court "excise" exemption 8 means only that this Court, like the

---

[1] Notably, the plaintiffs in *Veasey* sued Governor Abbott, then-Secretary of State Cascos, the State of Texas, and Director of the Texas Department of Public Safety Steve McCraw; they did not name local election officers as defendants, and the district court was empowered to strike relevant parts of the challenged law.

Courts in the many cases cited above, has the power to hold that the exemption is invalid. The remainder of the Executive Order would remain valid; exemption 8 may remain in the Order but would be invalid.

*Pool v. City of Houston*, far from standing for the defendant's proposition that courts do not have authority to strike laws, *reinforces* a court's power to strike down all or part of an invalid law. In *Pool*, plaintiffs brought suit to enjoin City of Houston from enforcing its qualified-voter law because the Supreme Court held that such laws were invalid more than twenty years ago—in a ruling that reinforces that courts can hold that state laws are invalid. *Id.* (*citing Buckley v. Am. Constitutional L. Foundation, Inc.*, 525 U.S. 182 (1999). *Pool* was brought because the plaintiffs had Houston arguably enforced the unconstitutional law. Typically, such second cases are not necessary; indeed for twenty years before *Pool*, no efforts were made to enforce the unlawful qualified voter law. *Pool* held that plaintiffs lacked standing to seek a permanent injunction because the City already agreed that the statute was unconstitutional—an issue that has no applicability here.

Respectfully, the court has the authority and jurisdiction to order the relief requested here. An amended proposed Order consistent with this memorandum is attached.

Dated: October 26, 2020                                Respectfully submitted,

/s/ Sean Lyons
Sean Lyons, State Bar No. 00792280
Clem Lyons, State Bar No.12742000
LYONS & LYONS, P.C.
237 W. Travis Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 225-5251
Telefax: (210) 225-6545
sean@lyonsandlyons.com
clem@lyonsandlyons.com

Courtney Hostetler (*pro hace vice*)
John Bonifaz (*pro hace vice*)
Ben Clements (*pro hace vice*)
Ronald Fein (*pro hace vice*)
FREE SPEECH FOR PEOPLE
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

Kelly M. Dermody (*pro hace vice*)
Yaman Salahi (*pro hace vice*)
Mike Sheen (*pro hace vice*)
Evan Ballan (*pro hace vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Avery S. Halfon (*pro hace vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Jonathan S. Abady (*pro hace vice*)
Mathew D. Brinckerhoff (*pro hace vice*)
O. Andrew F. Wilson (*pro hace vice*)
Debra L. Greenberger (*pro hace vice*)
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel: 212-763-5000
jabady@ecbawm.com
mbrinckerhoff@ecbawm.com
awilson@ecbawm.com
dgreenberger@ecbawm.com

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT
# SAN ANTONIO DIVISION

| | |
|---|---|
| MI FAMILIA VOTA, TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, MICAELA RODRIGUEZ and GUADALUPE TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, Governor of Texas; RUTH HUGHS, Texas Secretary of State,<br><br>Defendants. | Case No. 5:20-cv-00830 |

## [AMENDED PROPOSED] ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Having reviewed Plaintiffs' Emergency Motion for a Preliminary Injunction and the briefs submitted in support of and in opposition to said motion, and having held a hearing on the same, it is hereby ORDERED that:

1. Plaintiffs' Motion is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 65, and pending final resolution of this action, it is hereby ORDERED that:

> A. the following exemption from wearing a mask in public places contained in Executive Order GA-29: "8. any person who is voting, assisting a voter, serving as a poll watcher, or actively administering an election" is invalid and unenforceable; and
>
> B. those provisions of Election Advisory No. 2020-19 providing that "There is no authority under Texas law to require voters to wear face

coverings when presenting to vote" and that suggest face coverings are not mandatory at polling locations are invalid and unenforceable.

Signed this ___ day of October, 2020.

                                                                    _____
                                                                    The Honorable Judge Jason K. Pulliam
                                                                    United States District Court for the Western District of Texas

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 26, 2020, and that all counsel of record were served by CM/ECF.

/s/ Sean Lyons
Sean Lyons