**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MI FAMILIA VOTA, TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, MICAELA RODRIGUEZ AND GUADALUPE TORRES, | |
| *Plaintiffs,* | |
| v. | Civil Action No. 5:20-cv-00830 |
| GREG ABBOTT, GOVERNOR OF TEXAS; AND RUTH HUGHS, TEXAS SECRETARY OF STATE, | |
| *Defendants.* | |

**STATE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Yesterday, the U.S. Supreme Court denied an application to vacate the Seventh Circuit's stay of a district court order enjoining Wisconsin's law regarding the deadline for counties to receive mail-in ballots. *See Democratic Nat'l Comm. v. Wis. State Legislature*, No. 20A66, 2020 WL 6275871 (U.S. Oct. 26, 2020). Justices in the majority issued three separate concurrences explaining that they based their decision, in part, on the principles laid out in *Purcell v. Gonzales*, 549 U.S. 1 (2006) (per curiam).

According to Chief Justice Roberts:

> In this case, as in several this Court has recently addressed, a District Court intervened in the thick of election season to enjoin enforcement of a State's laws. Because I believe this intervention was improper, I agree with the decision of the Seventh Circuit to stay the injunction pending appeal.

*Democratic Nat'l Comm.*, 2020 WL 6275871, at *1 (Roberts, C.J., concurring).

Justice Gorsuch, joined by Justice Kavanaugh, agreed that "[l]ast-minute changes to

longstanding election rules risk other problems too, inviting confusion and chaos and eroding public confidence in electoral outcomes." *Id.* at *2 (Gorsuch, J., concurring).

Writing separately, Justice Kavanaugh had the longest explanation of the applicability of the *Purcell* doctrine to the November 2020 general election. Echoing the testimony of the Texas election officials in front of this Court, Justice Kavanaugh recognized that "running a statewide election is a complicated endeavor." *Id.* at *3 (Kavanaugh, J., concurring). The rules of the election must trickle down to the state and local officials who then undertake a "massive coordinated effort" to implement the policy decisions while administering the election. *Id.* "And at every step, state and local officials must communicate to voters how, when, and where they may cast their ballots through in-person voting on election day, absentee voting, or early voting." *Id.* Any disruption to those efforts can harm the election.

> Even seemingly innocuous late-in-the-day judicial alterations to state election laws can interfere with administration of an election and cause unanticipated consequences. If a court alters election laws near an election, election administrators must first understand the court's injunction, then devise plans to implement that late-breaking injunction, and then determine as necessary how best to inform voters, as well as state and local election officials and volunteers, about those last-minute changes.

*Id.*

The continued enforcement of the *Purcell* principle has an important corollary effect as well. It "discourages last-minute litigation and instead encourages litigants to bring any substantial challenges to elections rules ahead of time, in the ordinary litigation process." *Id.* at *4. Plaintiffs presented their one live claim to this Court in anything but the ordinary litigation process. They originally filed this lawsuit on July 16, 2020. *See* ECF 1. They then waited forty days to move for a preliminary injunction. *See* ECF 29. But even then, they did not move for relief based on their claim under Section 2 of the Voting Rights Act. They did not ask this Court for extraordinary and emergency relief on that claim until October 20, 2020, more than three months after first filing their lawsuit and after in-person voting was half-way complete. Defendants had four days to file a response, and the

2

Court held the hearing two days later.

Such a rushed timeframe prevented the parties from presenting the Court with the type of detailed statistical analysis that is needed to prove a discriminatory effect claim under Section 2. *See, e.g., Veasey v. Abbott*, 830 F.3d 216, 250–52 (5th Cir. 2016) (en banc) (citing expert statistical analyses—including ecological regressions, homogenous block groups, the Spanish surname list, and an outside consulting firm—purporting to show that minority voters made up a disproportionate share of the 534,512 Texas voters who did not have a qualifying ID to vote and did not qualify for a disability exemption). And the timeframe imposed by Plaintiffs—setting their lack of evidence aside—means that any relief threatens "the State's interest in running an orderly, efficient election and in giving citizens (including the losing candidates and their supporters) confidence in the fairness of the election." *Democratic Nat'l Comm.*, 2020 WL 6275871, at *4 (Kavanaugh, J., concurring).

In short, the Supreme Court's denial of the application is just another example where the Supreme Court has rejected a district court's second-guessing of the state election rules during the pandemic. Each of these cases counsels against this Court granting the Plaintiffs' requested relief. The Court should follow the Supreme Court's recent precedent and deny the Plaintiffs' requested relief.

Date: October 27, 2020

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Associate Deputy for Special Litigation

TODD LAWRENCE DISHER
Deputy Chief, Special Litigation Unit

WILLIAM T. THOMPSON
Special Counsel

ERIC A. HUDSON
Special Counsel

KATHLEEN T. HUNKER
Special Counsel

DYLAN FRENCH
Assistant Attorney General

JOSEPH SHANEYFELT
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
todd.disher@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov
kathleen.hunker@oag.texas.gov
dylan.french@oag.texas.gov
joseph.shanelyfelt@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 27, 2020, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN