# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 30, 2020
Lyle W. Cayce
Clerk

No. 20-50907

MI FAMILIA VOTA; TEXAS STATE CONFERENCE OF THE
NAACP; GUADALUPE TORRES,

          *Plaintiffs—Appellees,*

*versus*

GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS; RUTH
HUGHS, TEXAS SECRETARY OF STATE,

          *Defendants—Appellants.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-830-JKP

---

Before OWEN, *Chief Judge,* and DAVIS and SOUTHWICK, *Circuit Judges.*
PER CURIAM:[*]

    One week before Election Day, and two weeks into early voting in Texas, the district court granted a preliminary injunction, holding that "Exemption 8, which exempts from the mask mandate imposed by Executive

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50907

Order GA-29 those persons who are 'voting, assisting a voter, serving as a poll watcher, or actively administering an election' is invalid and void."[1] We stay the district court's preliminary injunction pending appeal.

I

Mi Familia Vota, the Texas State Conference of the NAACP, and Guadalupe Torres (collectively, the Plaintiffs) brought this suit challenging certain Texas voting procedures during the COVID-19 pandemic, including Exemption 8 of Executive Order GA-29. The district court initially dismissed the case, holding that all claims presented political questions that were not justiciable.

On appeal, we affirmed the district court's dismissal of four of Plaintiffs' five causes of action on other grounds, but we reversed and remanded with respect to Plaintiffs' claim under the Voting Rights Act.[2] We held that "[t]he Plaintiffs' Voting Rights Act claim does not present a political question and is not barred by sovereign immunity."[3] We observed that "it would be a futile act to remand the Voting Rights Act claim for plenary consideration with regard to the November 2020 election because it would be inappropriate for the district court to grant much of the requested relief with the election ongoing."[4] However, we identified a "possible exception" with regard to Exemption 8, noting that "[i]t is at least

---

[1] *Mi Familia Vota v. Abbott*, No. SA-20-CV-00830-JKP, 2020 WL 6304991, at *20 (W.D. Tex. Oct. 27, 2020).

[2] *Mi Familia Vota v. Abbott*, ___ F.3d ___, 2020 WL 6058290, at *4 (5th Cir. Oct. 14, 2020).

[3] *Id.* at *7.

[4] *Id.*

No. 20-50907

conceivable that [invalidating Exemption 8] would not materially or substantially affect the ongoing election."[5]

"[M]indful of the Supreme Court's repeated admonishment that 'lower federal courts should ordinarily not alter the election rules on the eve of an election,'" we remanded for the district court to determine: (1) whether Exemption 8 violated the Voting Rights Act; (2) whether invalidating Exemption 8 would remedy Plaintiffs' alleged injury; and (3) whether invalidating Exemption 8 would "materially or substantially affect the ongoing election."[6]

On remand, Plaintiffs moved for a preliminary injunction, requesting that the court declare Exemption 8 invalid and grant other relief in order to ensure that face coverings are mandatory at polling locations. On Tuesday, October 27, 2020, the district court granted Plaintiffs' motion for preliminary injunction in part, holding that Plaintiffs established a likelihood of success on the merits that Exemption 8 of Executive Order GA-29 violates the Voting Rights Act by disproportionately affecting the rights of Black and Latino citizens to vote.[7] The following day, October 28, 2020, the Governor and Secretary filed an emergency motion for a stay pending appeal.

## II

We commend the district court for holding a hearing and addressing the issues with alacrity on remand. The issue now before this court is whether Governor Abbott and Secretary of State Hughs have satisfied the

---

[5] *Id.*

[6] *Id.* (quoting *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (per curiam)).

[7] *Mi Familia Vota v. Abbott*, No. SA-20-CV-00830-JKP, 2020 WL 6304991, at *19-20 (W.D. Tex. Oct. 27, 2020).

No. 20-50907

requirements for the issuance of a stay pending appeal. In deciding whether to grant a stay pending appeal, we consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[8]

"The first two factors . . . are the most critical."[9]

Governor Abbott and Secretary Hughs have shown a likelihood of success on the merits on at least the argument that the district court improperly altered election rules on the eve of the election. On the merits, we review the district court's factual findings for clear error[10] and its application of legal standards de novo.[11] A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[12] Thus, for a motion for stay pending appeal, we must consider whether the Governor and Secretary have made a strong showing of likelihood of success on the merits by showing the district court erred in its legal conclusions or that the district court's factual findings are clearly erroneous.

---

[8] *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

[9] *Nken*, 556 U.S. at 434.

[10] *Veasey v. Abbott*, 830 F.3d 216, 229 (5th Cir. 2016) (en banc).

[11] *N.A.A.C.P. v. Fordice*, 252 F.3d 361, 364 (5th Cir. 2001).

[12] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"The Supreme Court has 'repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.'"[13] "Time and time again over the past several years, the Supreme Court has stayed lower court orders that change election rules on the eve of an election."[14] "The principle from these cases is clear: court changes of election laws close in time to the election are strongly disfavored."[15] With these concerns in mind, this court has consistently stayed recent injunctions altering Texas's election rules.[16]

The district court justified its interference with Texas's election rules by concluding that any potential confusion caused by invalidating Exemption 8 would be "minimal and outweighed by the opportunity created for non-

---

[13] *Tex. All. for Retired Ams. v. Hughs*, No. 20-40643, 2020 WL 5816887, at *1 (5th Cir. Sept. 30, 2020) (per curiam) (quoting *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (per curiam)).

[14] *Id.* (first citing *North Carolina v. League of Women Voters of N.C.*, 574 U.S. 927 (2014) (staying a lower court order that changed election laws thirty-three days before the election); then citing *Husted v. Ohio State Conf. of N.A.A.C.P.*, 573 U.S. 988 (2014) (staying a lower court order that changed election laws sixty days before the election); then citing *Veasey v. Perry*, 135 S. Ct. 9 (2014) (denying application to vacate Court of Appeals's stay of district court injunction that changed election laws on eve of election); and then citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (staying a lower court order changing election laws twenty-nine days before the election)).

[15] *Id.* at *2.

[16] *See, e.g., id.* ("[b]earing ... in mind" that "court changes of election laws close in time to the election are strongly disfavored" when staying a preliminary injunction concerning straight-ticket voting); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 411-12 (5th Cir. 2020) (expressing concerns about altering election rules close in time to the election when staying an injunction regarding eligibility to vote by mail); *Richardson v. Tex. Sec'y of State*, ___ F.3d ___, 2020 WL 6127721, at *18 (5th Cir. Oct. 19, 2020) (HIGGINBOTHAM, J., concurring in the stay) (concurring in the stay of an injunction regarding signature verification of mail-in ballots and noting that "[t]he Supreme Court has consistently counseled against court-imposed changes to 'election rules on the eve of an election'" (citing *Repub. Nat'l Comm.*, 140 S. Ct. at 1207)).

No. 20-50907

discriminatory access to the voting process."[17] The district court reasoned that it was "not ordering a drastic change" to the election rules because "[t]hose citizens who arrive at a polling site while not wearing a facial mask will be easily recognized and options for compliance or redirection are not complicated or extensive."[18] To support this contention, the district court referred to a declaration from the Elections Administrator for Bexar County stating that each polling place in the county set up "isolated machines" for voters without masks "to cast their ballots in relative isolation."[19] However, that exact practice would violate GA-29 if Exemption 8 were invalidated. Texas counties would no longer be able to implement the accommodations described by the Bexar County Elections Administer. Instead, they would be required to enforce the general mask mandate of GA-29.

Plaintiffs raised no other evidence, nor did the district court cite to any, to support the proposition that the disruption to Texas's election rules would be minimal. In contrast, the Governor and Secretary offered declarations from five election officials who unanimously agreed that changing the election rules to require voters to wear masks this close to the election would be costly and cause voter confusion. The Moore County Elections Administrator declared that changing the election rules at this point would be a "shipwreck," and that "such a change would cause voters to become angry and confused, and it would slow down our ability to run Moore County's polling places." Another official stated that "changing the rules now to make masks mandatory would undoubtedly cause voter confusion . . . [and] would require our office to train our poll workers on how

---

[17] *Mi Familia Vota v. Abbott*, No. SA-20-CV-00830-JKP, 2020 WL 6304991, at *19 (W.D. Tex. Oct. 27, 2020).

[18] *Id.* at *18.

[19] *Id.* at *18-19.

Case 5:20-cv-00830-JKP Document 78 Filed 10/30/20 Page 7 of 8
Case: 20-50907 Document: 00515621384 Page: 7 Date Filed: 10/30/2020

No. 20-50907

to respond to voters who show up to the polls without a mask." The Director of Elections for the Texas Secretary of State concluded that "there is not enough time to . . . effectively" "re-train, re-educate, and re-advise all 254 counties, municipalities, local election officials, poll watchers, and the millions of voters who have yet to cast their ballots."

The district court's reasoning is flawed. The injunction was issued fourteen days after early voting began and one week before Election Day. Today, Friday, October 30, 2020, is the last day in Texas for early voting. General Election Day is four days away. A change in the election rules at this point alters the status quo established by GA-29 and Exemption 8 on July 2, 2020. More than nine million voters have already cast ballots in Texas during early voting,[20] which is more than the entire voter turnout of 8,969,226 for the 2016 election. We acknowledge that requiring voters to wear a mask in order to vote is not akin to the level of election disruption that would have resulted from other injunctions this court has stayed.[21] Nevertheless, the Governor and Sectary's unrebutted evidence establishes that changing the election rules in the midst of voting would create disparate treatment of voters, and significant confusion and difficulty for voters and poll workers. Accordingly, we conclude that the Governor and Secretary have made a

---

[20] *See Election Information & Turnout Data, 2020 November 3rd General Election*, TEX. SEC'Y OF STATE, https://earlyvoting.texas-election.com/Elections (last visited October 30, 2020).

[21] *See, e.g., Tex. All. for Retired Ams. v. Hughs*, No. 20-40643, 2020 WL 5816887, at *1-2 (5th Cir. Sept. 30, 2020) (per curiam) (staying a preliminary injunction that would have required the Secretary to reinstate straight-ticket voting eighteen days before early voting began); *Tex. Democratic Party*, 961 F.3d at 394 (staying a "sweeping" preliminary injunction that would have "require[d] state officials . . . to distribute mail-in ballots to any eligible voter who wants one").

Case 5:20-cv-00830-JKP Document 78 Filed 10/30/20 Page 8 of 8
Case: 20-50907 Document: 00515621384 Page: 8 Date Filed: 10/30/2020

No. 20-50907

strong showing that they are likely to succeed on the merits that the district court erred by altering Texas's election rules in the midst of an election.

Further, the Governor and Secretary have met the burden of showing irreparable injury if we do not stay the district court's injunction invalidating Exemption 8, which carries "the force and effect of law."[22] "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws."[23] Given that the Governor and Secretary have established a likelihood of success on the merits and irreparable injury, the two "most critical" factors,[24] the alleged harm to the Plaintiffs cannot outweigh the other factors.[25]

* * *

For these reasons, we GRANT the Defendants' emergency motion for stay pending appeal.

---

[22] TEX. GOV. CODE § 418.012.

[23] *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013).

[24] *Nken v. Holder*, 556 U.S. 418, 434 (2009).

[25] *See Planned Parenthood*, 734 F.3d at 419 ("While we acknowledge that Planned Parenthood has also made a strong showing that their interests would be harmed by staying the injunction, given the State's likely success on the merits, this is not enough, standing alone, to outweigh the other factors.").